IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FIFTH THIRD BANK, an Ohio banking corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEES SPECIALTY COMPOUNDING, LLC, a ) <br> Delaware limited liability company, THE ) <br> APOTHECARY SHOPPE, LLC, a Delaware limited ) <br> liability company, THE APOTHECARY SHOPPE ) <br> OF B.A., LLC, a Delaware limited liability company, ) <br> GETMAN-APOTHECARY SHOPPE LLC, a ) <br> Delaware limited liability company, and LEES ) <br> SPECIALTY COMPOUNDING, INC., a Delaware ) <br> corporation, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 15-CV-631-JED-FHM <br><br> Judge: Hon. Terence Kern |

**MOTION TO RECONSIDER MINUTE ORDER REGARDING
PLAINTIFF'S UNCONTESTED, UNOPPOSED EMERGENCY MOTION FOR
<u>APPOINTMENT OF RECEIVER</u>**

Plaintiff Fifth Third Bank, an Ohio banking corporation ("<u>Fifth Third</u>" or "<u>Plaintiff</u>"), by its undersigned attorneys, hereby files this motion to reconsider (the "<u>Motion</u>") the Court's Minute Order [Doc. No. 14] (the "<u>Scheduling Order</u>") regarding Plaintiff's Emergency Motion for Appointment of a Receiver [Doc. No. 4] (the "<u>Motion to Appoint Receiver</u>"). In support of this Motion, Fifth Third states as follows:

1. Absent the appointment of a receiver to run Defendants' businesses on an emergent basis, they will shut down and cause irreparable harm to not only Plaintiffs, but also Defendants and the myriad employees who work for them who will be left unemployed. Members of the public who rely on Defendants' pharmacies for their prescriptions too will be

Page | 1

harmed. While the parties are mindful of the Court's schedule, postponing the hearing until December 4, 2015 is not a viable option. The companies simply cannot function without officers or directors for the next month. To that end, it is the understanding of Plaintiff's counsel that none of the Defendants intend to oppose the relief requested; and their counsel supports having the motion heard on an expedited basis. Indeed, Plaintiff's counsel believes that if the Defendants had any officers or directors, they would in all likelihood affirmatively consent to a receiver. Accordingly, Plaintiff respectfully requests that the Court reconsider its prior scheduling order and set this matter for hearing on Thursday 12, 2015. In discussions with chambers, Plaintiff's counsel believes that said date is available.

2. Based on the best current understanding of Plaintiff's counsel, the Motion to Appoint Receiver will be uncontested and unopposed. The undersigned counsel for Fifth Third has communicated with Steven W. Soule, counsel for the Defendants, who do not object to the relief requested in this Motion and do not intend to oppose the Motion to Appoint Receiver.

3. It is imperative that a receiver be appointed over the Defendants immediately. The Defendants are wholly without leadership. On October 21, 2015, Defendants informed Fifth Third that all members of the board of directors for Defendant Lees Specialty Compounding, Inc. and all members of the board of managers for Defendant Lees Specialty Compounding, LLC ("Lees LLC") resigned en masse and without replacement (the "Resignations"). Lees LLC is the sole member and manager of the remaining Defendants.

4. While we appreciate the Court scheduling a hearing on the Motion to Appoint Receiver for December 4, 2015 (the "Hearing"), the Company simply cannot operate for another month with no officers or directors in place: there will be nothing left of the Defendants and their assets if the Court waits. The immediate appointment of a receiver is necessary to avoid

irreparable harm and the dissipation of Defendants' businesses and assets as well as to protect the collateral that secures Fifth Third's $13 million loan. Moreover, the requested relief will be beneficial for Fifth Third and all Defendants, while the failure to timely appoint a receiver is entirely avoidable and would lead to disastrous consequences.

5.  The Scheduling Order is an interlocutory order that "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Rimbert v. Eli Lilly Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011); *see also Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.").

6.  Accordingly, Fifth Third asks this Court to reconsider the Scheduling Order and to set the Hearing for November 12, 2015. Since the Motion to Appoint Receiver is uncontested and unopposed, Fifth Third respectfully submits that there is no need for a briefing schedule. Counsel for Fifth Third will send notice of the Hearing to counsel for the Defendants and all parties of record that have a secured interest in the assets of the Defendants.

WHEREFORE, Plaintiff prays that the Court grant this Motion, set the Hearing for no later than November 12, 2015 without a briefing schedule, and for all such other relief as may be necessary and just.

Dated: November 5, 2015

    Respectfully submitted,

    **FIFTH THIRD BANK**

    By: */s/ Mark A. Craige*

    Mark A. Craige, OBA #1992
    CROWE & DUNLEVY
    A Professional Corporation
    500 Kennedy Building
    321 South Boston Avenue
    Tulsa, OK 74103-3313
    Telephone: (918) 592-9800
    Facsimile: (918) 592-9801
    mark.craige@crowedunlevy.com

    -and-

    Kenneth J. Ottaviano (*pro hac vice pending*)
    William J. Dorsey (*pro hac vice pending*)
    KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe Street, Suite 1900
    Chicago, Illinois 60661
    Telephone: 312-902-5200
    Facsimile: 312-902-1061
    kenneth.ottaviano@kattenlaw.com
    william.dorsey@kattenlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the same date this document was filed, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

A copy of this Motion will be served along with the summons upon all Defendants.

I hereby certify that on the same date, I served the same document by

|     |                     |     |                    |
|-----|---------------------|-----|--------------------|
| ___ | U. S. Postal Service | ___ | In Person Delivery |
| ___ | Courier Service     | _x_ | E-Mail             |

on the following, who are not registered participants on the ECF system:

Steven W. Soule, SSoule@HallEstill.Com


                                                                                                /s/Mark A. Craige_____
                                                                                                Mark A. Craige