IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) FIFTH THIRD BANK, an Ohio banking corporation,<br>Plaintiff,<br><br>v.<br><br>(1) LEES SPECIALTY COMPOUNDING, LLC, a Delaware limited liability company, (2) THE APOTHECARY SHOPPE, LLC, a Delaware limited liability company, (3) THE APOTHECARY SHOPPE OF B.A., LLC, a Delaware limited liability company, (4) GETMAN-APOTHECARY SHOPPE LLC, a Delaware limited liability company, and (5) LEES SPECIALTY COMPOUNDING, INC., a Delaware corporation,<br><br>Defendants. | Case No. 15-cv-00631-TCK-FHM<br><br>Judge: Hon. Terence C. Kern |

## ORDER APPOINTING RECEIVER

This matter, coming before the Court on Plaintiff Fifth Third Bank's ("Fifth Third" or "Plaintiff") Emergency Motion for Appointment of a Receiver filed November 3, 2015 [Doc. 4] (the "Motion") for defendants Lees Specialty Compounding, LLC ("Lees LLC"), The Apothecary Shoppe, LLC ("Apothecary"), The Apothecary Shoppe of B.A., LLC ("Apothecary B.A."), Getman-Apothecary Shoppe LLC ("Getman"), and Lees Specialty Compounding, Inc. ("Lees Inc.", collectively with Lees LLC, Apothecary, Apothecary B.A., and Getman, the "Defendants");

The Court, having reviewed the pleadings, and having heard evidence produced in open court, finds that for good cause shown a receiver should be and is hereby appointed over the Defendants and their businesses, assets, and property.

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.   Plaintiff made certain loans and other financial accommodations to Defendants pursuant to, without limitation, that certain: (i) Credit and Security Agreement by and between Defendants, as borrowers and guarantor, and Fifth Third, as lender, dated December 20, 2013 (as amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") and (ii) Mezzanine Loan and Security Agreement by and between Defendants, as borrowers and guarantor, and Fifth Third, as lender, dated December 20, 2013 (as amended, restated, supplemented, or otherwise modified from time to time, the "Mezzanine Loan Agreement" collectively with the Credit Agreement and all other ancillary and related documents, the "Loan Documents").

B.   Plaintiff asserted claims against Defendants for breach of the Loan Documents.

C.   Plaintiff seeks approval of a receiver for Defendants' businesses.

D.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties hereto are of diverse citizenship.

E.   Venue is proper in this district pursuant to 28 U.S.C. § 1391.

F.   Proper and adequate notice of the hearing on the Motion was given to Defendants.

G.   Good cause has been shown for the appointment of a receiver, including the resignations of all Lees Inc's members of the board of directors and all of Lees LLC's members of the board of managers.

H.   The appointment of a receiver is not intended to be, nor shall it be, an election of remedies by Plaintiff, and Plaintiff expressly reserves all and this Order does not impact any of

Plaintiff's rights and remedies as to Defendants and Plaintiff's collateral under the Loan Documents and applicable law with respect to the debt owed by Defendants to Plaintiff.

THE COURT HEREBY ORDERS AS FOLLOWS:

1. The appointment of a receiver over the Defendants' property and businesses with management powers vis-à-vis Defendants and their businesses is necessary for the protection of Defendants' assets and operations. Based upon all of the facts and circumstances of this case, federal law, and the Loan Documents, Plaintiff is entitled to the appointment of a receiver.

2. As of the date of the docketing of this Order with the Clerk of the Court and the filing herein of his Oath as Receiver as provided by law (the "Effective Date"), C. David Rhoades ("Receiver") is hereby appointed; and the receivership (the "Receivership") shall be hereinafter referred to as the "Receivership Estate." Receiver shall be entitled to reasonable compensation and reimbursement of reasonable out-of-pocket expenses (pursuant to the procedures set forth herein). Receiver's bond is hereby set at $~~100.00~~ $1000.00 [TCK] cash to be deposited with the Clerk of this Court.

3. On the Effective Date, Receiver is authorized to: (i) take possession, custody and control of Defendants' business operations, assets, and property, of whatever nature (collectively, the "Assets and Operations"), subject to all existing liens and claims, and (ii) perform all services and take all actions necessary or advisable to oversee, carry on, manage, care for, maintain, repair, insure, protect, and preserve (collectively, "Manage") the Assets and Operations, without further order of the Court.

4. Receiver is not the agent or representative of the Lender and shall not be so construed under any circumstances.

3

5. Receiver is authorized, but not required, to perform all obligations under the Loan Documents on behalf of Plaintiff, in accordance with, and subject to, the terms of this Order, as may be amended or supplemented from time to time with Plaintiff's written approval, and the budget to be submitted to Plaintiff by Receiver (the "Budget"), which Budget is subject to Plaintiff's approval in its sole and absolute discretion.

6. Subject to the terms and conditions of the Loan Documents, and such other instruments, documents, and agreements as Plaintiff may require Receiver to execute in connection with any funds advanced by Plaintiff to Receiver on behalf of Defendants, Receiver is hereby authorized to borrow funds on behalf of Defendants from Plaintiff, only to the extent consented to by Plaintiff in its sole discretion and without any commitment to do so, for expenditures set forth in the Budget, which advances shall constitute part of the obligations under the Loan Documents and shall be secured by all of Plaintiff's collateral under the Loan Documents. Receiver shall not borrow funds from any other third party during the Receivership unless and until: (i) such other potential third party executes and delivers to Plaintiff or its designee, successors, or assignees a subordination agreement or standby agreement (acceptable in substance and form to Plaintiff, which acceptance shall not be unreasonably withheld), subordinating its liens and claims to those of Plaintiff and subordinating repayment of the indebtedness due to it to the repayment in full of the obligations under the Loan Documents and (ii) the entry of an order of the Court authorizing, but not directing, Receiver to enter into any such subordinate financing.

7. On the Effective Date, Defendants, and all those acting in concert or participating with Defendants (including any affiliates, subsidiaries, officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys of Defendants), or who are

under Defendants' direction or control (and their respective affiliates, subsidiaries, officers, shareholders, directors, assigns, partners, agents, servants, employees, accountants, and attorneys), are hereby directed: (i) to cooperate fully and completely with Receiver; (ii) to provide immediate access, means of access, and make available to Receiver all keys, books, records, computer hardware and software owned or licensed by Defendants (including all computer programs, databases, disks, and other media owned by Defendants or upon which information regarding any of the Assets and Operations are stored, recorded, or located), mail and correspondence addressed to or which may contain information regarding the businesses, affairs, and Assets and Operations of Defendants, provided, however, that to the extent that the Receiver seeks access to such mail and correspondence owned by parties other than Defendants, the obligation of such parties to produce shall be subject to any and all applicable privileges; (iii) to provide Receiver with immediate access to all properties, machinery, and equipment; (iv) to abide by Receiver's requests for information and documentation so that Receiver may perform its functions with full information and knowledge; and (v) not to interfere with or hinder in any way whatsoever the operations of Receiver during the pendency of the Receivership.

8.   Except as set forth herein, as of the Effective Date, any and all persons having possession, custody, or control over any of the Assets and Operations, or any other property of any kind or interest therein belonging to Defendants, shall promptly surrender and deliver such property to Receiver, upon request by the Receiver.

9.   All persons and entities now or hereafter in possession of or using any assets of Defendants, whether pursuant to any contract, lease or other occupancy, operating, use or service arrangement or otherwise, obligated to make payments to Defendants, or otherwise indebted to Defendants, are hereby ordered to continue paying all Revenues (as defined herein) now due and

owing, or hereafter becoming due, in the ordinary course, with such payment being made to the Receiver.

10. Receiver shall faithfully discharge its duties and obey all orders of the Court. Receiver shall collect all Revenues (as defined herein) of Defendants and apply the proceeds to the payment of the obligations in accordance with the terms of the Loan Documents. Receiver shall not destroy any documents or records of the Defendants without further order of the Court.

11. Receiver and Defendants are hereby jointly directed to inventory the Assets and Operations and to make an accounting of the same.

12. Receiver may apply to this Court by motion and upon notice to all parties in interest for further or other authority as may be necessary in the performance of its duties hereunder.

13. Receiver shall be named as a primary insured party on existing insurance coverage for Defendants' Assets and Operations, and Receiver is authorized to obtain and pay (in accordance with the Budget) the premiums for additional insurance for Defendants or for Receiver (including, without limitation, an error and omissions policy and an umbrella policy) for Defendants' Assets and Operations and to maintain the policies otherwise in accordance with the Loan Documents.

14. Receiver shall have and enjoy all of the powers, immunities, privileges, and prerogatives ordinarily provided to receivers under applicable law unless otherwise prohibited by this Order, including, without limitation the right to privileged confidential communications with all counsel in this case.

15. Receiver shall have the sole and exclusive right to prosecute any and all claims for relief or causes of action held by or on behalf of the Defendants.

16.  All written notices called for under this Order shall be: (i) delivered in person; (ii) sent by email; or (iii) mailed, postage prepaid, by overnight express carrier, addressed in each case as follows:

|  |  |
|---|---|
| To Plaintiff: | Fifth Third Bank<br>Attn: Jennifer Camp<br>Vice President, Special Assets Group<br>Fifth Third Bank<br>201 E. Kennedy Blvd. Suite 1800<br>Tampa, FL 33602<br>jennifer.camp@53.com |
| with a copy to: | Katten Muchin Rosenman LLP<br>Attn: Kenneth J. Ottaviano, Esq.<br>525 West Monroe Street<br>Chicago, IL 60661<br>kenneth.ottaviano@kattenlaw.com |
| To Receiver: | C. David Rhoades<br>401 South Boston, Suite 2200<br>Tulsa, OK  74103<br>cdrhoades@Fraudandforensics.com |

(collectively, the "Notice Parties").

All notices shall be deemed received and effective: (i) if delivered in person, upon personal delivery; (ii) if sent by email, on the day sent if a business day and received during business hours, or if such day is not a business day or receipt is outside of business hours, then on the next business day; or (iii) if sent by overnight express carrier, on the next business day immediately following the day sent.

17.  On the Effective Date, without further order of the Court, Receiver shall be authorized and instructed to conduct all affairs connected with the Assets and Operations, including, without limitation, any and all of the following acts:

   a.  to take immediate possession of, custody of, and control over all of the Assets and Operations and all other property and assets of Defendants;

7

b. to continue to manage the Assets and Operations;

c. to retain professionals (e.g. counsel, investment bankers, etc.) ("Professionals") to advise and assist Receiver with management of the Assets and Operations;

d. to collect and receive all earnings, rents, issues, income, profits, and other revenues (the "Revenues") of Defendants' Assets and Operations now due and unpaid;

e. to (i) continue to maintain and utilize Defendants' deposit accounts, which shall be used exclusively for deposits and disbursements of the Revenues and funds of the Receivership Estate and (ii) direct payors to deposit funds due and owing to Defendants in the Depository Accounts;

f. to market and sell Defendants' Assets and Operations, provided that (i) any such sales shall be subject to the prior written approval of Plaintiff; (ii) Receiver shall provide at least ten (10) business days prior written notice of any sale, where the sale price is for greater than $25,000, to all holders of liens and security interests against such Assets and Operations; and (iii) any sale of all or substantially all of the Assets and/or Operations of any given Defendant or all Defendants shall be by public sale and shall be subject to approval by further order of the Court. The proceeds of any sale or other disposition of all or any portion of Defendants' Assets or Operations shall be held in constructive trust by Receiver for the exclusive benefit of Plaintiff and promptly remitted to Plaintiff unless and until all of Defendants' obligations to Plaintiff are indefeasibly paid in full in cash and the Loan Agreement is terminated; any Assets and Operations or proceedings thereof remaining after payment of all of Defendants' obligations to Plaintiff in full shall be held by Receiver in constructive trust for the benefit of junior secured and unsecured creditors in the order of priority to be disbursed upon entry of further order of the Court. Notwithstanding the requirements of 28 U.S.C.A. § 2001(b), the Receiver shall be allowed to sell personal property through public or private sale(s), upon prior written approval of the Plaintiff, and shall not be restricted by the private sale requirements of 28 U.S.C. § 2001(b);

g. to resolve to file a bankruptcy petition, subject to Paragraph 24 of this Order, or to initiate litigation;

h. to issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership Estate;

i. to continue utilizing the services of Defendants' personnel (all of whom shall be subject to Receiver's oversight and authority and shall be

answerable solely to Receiver to conduct the day-to-day operations of Defendants);

j.  to maintain detailed accounting records, supplied to the Court and Plaintiff upon request, consisting of an itemized account of the Revenues and any other funds received by or on behalf of Receiver and operating expenses and other disbursements by or on behalf of Receiver, and reporting all changes in the Assets and Operations in Receiver's charge, or claims against the Assets or Operations, that have occurred during the period covered by the report, and to file such reports of receipts and disbursements under oath as required by the Court;

k.  to take possession of or, if needed, to recover (and the U.S. Postal Service and all courier or delivery services shall be directed to release to Receiver or its designees), all mail or packages addressed to Defendants at any of Defendants' locations;

l.  to hire and terminate Defendants' personnel, and to adjust the salaries or compensation of any such personnel, in Receiver's discretion (and with Plaintiff's written approval, which approval shall not be unreasonably withheld);

m.  to borrow funds on behalf of Defendants as described in this Order to the extent consented to by Plaintiff in its sole discretion without any commitment to do so; and

n.  to take any action necessary to ensure that all licenses required under federal, state, or local law to operate the Defendants' businesses are maintained.

18.  The Receiver is not bound by entry of this Order to perform any of the obligations of any of the executory contracts and unexpired leases to which the of the Receivership Estate or any person or entity therein is a party (collectively the "Contracts") unless the Receiver files a notice of his decision to assume any such Contract with this Court. Until such time as a notice of assumption is filed, the Receiver may enforce any of the Contracts against any other party thereto but shall not be obligated to perform the same. The Receiver shall have the reasonable time period of 120 days in which to determine whether he will assume or renounce the Contracts.

The entry of this Court shall be effective to specifically authorize the Receiver to assume or renounce any or all of the Contracts.

19. The Receiver is not in any way personally responsible for the current or future debts of the Company that are now existing or are hereafter created or incurred during the operation of the Company in the receivership proceedings.

20. The Company shall remain obligated to comply with all tax reporting obligations imposed upon it. The Receiver is not in any way personally liable or responsible for the Company's compliance with any tax reporting obligation, including the preparation, filing or submission of any federal or state tax return, but he shall, on behalf of the Company, make reasonable efforts to see that the Company's tax reporting obligations are met in a timely manner.

21. On the Effective Date, Defendants and where applicable Defendants' officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, and all other persons in active concert or participation with Defendants:

    a. shall surrender possession of all of the Assets and Operations to Receiver, and all other property and assets of Defendants, of whatever nature and wherever located, belonging to Defendants, or in which Defendants has or asserts an interest, whether such property and assets are in the possession of Defendants, any affiliate of Defendants, or any of their officers, directors, partners, shareholders, representatives, professionals, employees, or agents, or any other person or entity;

    b. shall be enjoined, stayed, and prohibited from, other than in proceedings before this Court, taking any action for or on behalf of Defendants, interfering in any way with the actions of the Receiver (or any agent or other designee of the Receiver authorized hereunder or by order of the Court) with regard to Defendants, disposing of, concealing, or hypothecating in any manner any property or assets of Defendants, and the directors, officers, and/or agents of Defendants no longer have the authority to convey, mortgage, or pledge any property and assets of Defendants or to bind Defendants to any obligations;

    c.    shall be required to immediately provide access, means of access, and make available to the Receiver all keys, books, records, computer hardware and software (including all computer programs, data bases, disks, and other media owned or licensed by Defendants or upon which information regarding the property, assets, accounts, and businesses of Defendants are stored, recorded, or located), mail, and correspondence addressed to or which may contain information regarding the businesses, affairs, Assets and Operations of Defendants, and other property and assets of Defendants; provided, however, that to the extent Receiver seeks access to such mail and correspondence by parties other than Defendants, the obligation of such parties to produce shall be subject to any and all applicable privileges;

    d.    shall immediately disclose to Receiver the nature, amount, and location of any and all property and assets of Defendants, including, books, records, computer programs, and media owned by Defendants or connected with businesses of Defendants, and shall immediately turnover to Receiver all property and assets of Defendants forthwith;

    e.    shall cooperate with Receiver and abide by Receiver's requests for information and documentation so that Receiver may perform Receiver's function with full information and knowledge; and

    f.    shall not interfere with or hinder in any way whatsoever the operations of Receiver.

22.    Professionals may seek monthly compensation in accordance with the following procedures:

    a.    Approximately every thirty (30) days after the Effective Date, the Receiver and each Professional seeking compensation shall serve a monthly statement for payment for services rendered and reimbursement of expenses incurred during the immediately preceding month (a "<u>Monthly Fee Statement</u>") on: (a) the Receiver, (b) the Plaintiff and (c) the Defendants (collectively, the "<u>Notice Parties</u>"). Monthly Fee Statements are not required to be filed with the Court nor are courtesy copies required to be sent to the presiding judge's chambers.

    b.    Any Notice Party receiving a Monthly Fee Statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written notice of objection (a "<u>Notice of Objection to Fee Statement</u>") (which shall not be filed with the Court) upon the other Notice Parties within 10 business days of receiving the Monthly Fee Statement (the "<u>Objection Deadline</u>"). The Notice of Objection to Fee Statement shall state the nature of the objection and identify the amount of the fees or costs to which the objection is made. Thereafter, the objecting party and

   the Receiver or Professional member whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made.

c. In the absence of any timely objection, the Receiver is authorized to pay 80 percent of the fees and 100 percent of the expenses identified in each Monthly Fee Statement.

d. If the Receiver receives a Notice of Objection to Fee Statement, it shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in sub-paragraph (iii). Any fees incurred in connection with such fee disputes shall not be paid pursuant to a Monthly Fee Statement but may only be sought and paid pursuant to (x) the objecting party withdrawing, in writing to the Notice Parties, its Notice of Objection to Fee Statement or (y) an order of the Court.

e. Upon the termination of the Receivership, the Receiver and each of the Professionals shall file with the Court, and serve on the Notice Parties an application (a "<u>Fee Application</u>") for Court approval and allowance of the compensation and reimbursement of expenses sought by the Receiver and such Professional in its Monthly Fee Statements, including any holdbacks.

f. The Court shall schedule and conduct a hearing to determine all Fee Applications pending before it. If no objections to Monthly Fee Statements have been filed or all objections have been withdrawn, the Court may approve all uncontested Fee Applications without a hearing.

g. The objection to a Monthly Fee Statement shall not disqualify the Receiver or any Professional from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses under the procedures outlined above shall bind this Court with respect to the final allowance of applications for compensation and reimbursement of the Receiver or any Professionals.

23. Subject to the Plaintiff's right to object pursuant to Paragraph 22 above, and so long as the fees and expenses do not exceed the aggregate amount set forth in the Budget (unless approved in writing by the Plaintiff), the Plaintiff shall be responsible for payment for services rendered and reimbursement of expenses incurred by the Receiver and any Professionals to the

extent the Revenues or proceeds of the Assets and Operations are insufficient or unavailable to pay the same.

24. Following a sale of all or substantially all of the assets of the Defendants, if the Receiver determines in its judgment that one or more of the Defendants should file a voluntary petition for relief under the United States Bankruptcy Code, the Receiver shall provide three business days' notice to the Notice Parties of the Receiver's intent to file such petition(s). The Notice Parties may interpose an objection by filing an emergency motion before this Court for applicable relief. The normal notice requirements set forth by the Court and the Local Rules shall be waived in connection with any such emergency motion filed by the Defendants.

25. This Receivership shall terminate upon the earlier of: (i) approval of the Receiver's final report by the Court after all of the Assets and Operations are sold at a trustee's sale, foreclosure sale, UCC sale, or other sale by Receiver, or Plaintiff or (ii) such other time as the Court orders. Dismissal of this case shall be ineffective to divert this Court of jurisdiction to hear and approve any requested fees and expenses of the Receiver. The Court explicitly retains jurisdiction despite any attempted dismissal to hear and rule on receivership-related issues.

26. Nothing in this Order shall be construed to impair or otherwise affect Plaintiff's rights or remedies under the Loan Documents or applicable law.

27. This Order shall be in full force and effect as of the Effective Date and there is no just cause for delay.

Dated: 11/16, 2015

*Terence Kern*
United States District Court Judge

Submitted By:

        **FIFTH THIRD BANK**

        By: <u>*/s/ Mark A. Craige*</u>

        Mark A. Craige, OBA #1992
        CROWE & DUNLEVY
        A Professional Corporation
        500 Kennedy Building
        321 South Boston Avenue
        Tulsa, OK 74103-3313
        Telephone: (918) 592-9800
        Facsimile: (918) 592-9801
        mark.craige@crowedunlevy.com

        -and-

        Kenneth J. Ottaviano (*pro hac vice pending*)
        William J. Dorsey (*pro hac vice pending*)
        KATTEN MUCHIN ROSENMAN LLP
        525 West Monroe Street, Suite 1900
        Chicago, Illinois 60661
        Telephone: 312-902-5200
        Facsimile: 312-902-1061
        kenneth.ottaviano@kattenlaw.com
        william.dorsey@kattenlaw.com