**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) FIFTH THIRD BANK, an Ohio banking corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 15-cv-631-TCK-FHM |
| (1) LEES SPECIALTY COMPOUNDING, LLC, a Delaware limited liability company, (2) THE APOTHECARY SHOPPE, LLC, a Delaware limited liability company, (3) THE APOTHECARY SHOPPE OF B.A., LLC, a Delaware limited liability company, (4) GETMAN-APOTHECARY SHOPPE, LLC, a Delaware limited liability company, and (5) LEES SPECIALTY COMPOUNDING, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MOTION OF LEES PARTIES FOR LIMITED INTERVENTION
TO ASSERT OBJECTIONS TO SALE MOTION AND TO EXTEND TIME
TO FILE PLEADING REQUIRED BY FED.R.CIV.P. 24(c)**

Plaintiff and the Receiver filed their Joint Motion for Authority to Sell Assets to Stalking Horse Bidder Subject to Higher Offers and Notice to File Objections on March 1, 2016 [Dkt. No. 27] (the "Sale Motion"). At the same time, Plaintiff and the Receiver sought and obtained an order from this Court setting a deadline to file objections to the Sale Motion of April 8, 2016, and a hearing date of April 19, 2016, at 10:00 a.m.[1] However, the Sale Motion seeks relief against non-parties to this action, and unfortunately non-parties can't file an objection in a case pending in Federal Court. Accordingly, the "Lees Parties" identified below request permission to intervene in this case for the limited purpose of making their objections to the Sale Motion. The Lees Parties also request that this Court extend the time in which they

---

[1] See, Amended Order entered March 3, 2016 [Dkt. No. 32]. April 8, 2016, is the date which is seven (7) business days prior to April 19, 2016.

1

may file the pleading otherwise required by Fed.R.Civ.P. 24(c) until April 8, 2016, the deadline already set by this Court for filing objections to the Sale Motion.

The Sale Motion expressly contemplates that non-parties to this action will be allowed to make objections. In paragraph 30 of the Sale Motion Plaintiff and Receiver request that this Court enter injunctive relief

> against all parties to this proceeding as well as non-parties with notice hereof enjoining any party hereto from asserting any lien, claim, encumbrance or any other form of legal or equitable right, remedy or claim against Buyer and all of the interest in the Assets acquired at the Sale.

Sale Motion, p. 10 of 17. Plaintiff and the Receiver served copies on the Lees Parties through their counsel, presumably so that the proposed injunction would be binding on the Lees Parties.

The Lees Parties have contacted Plaintiff and the Receiver, who are the only parties who have entered their appearance in this action. The Receiver does not oppose intervention by the Lees Parties. Plaintiff has indicated it does oppose the intervention as sought by the Lees Parties in this Motion.

The "Lees Parties" are the following persons and entities: (1) LJS Properties, LLC, (2) Alyssa M. Sanders, (3) Kasey D. Jackson, (4) Deril J. Lees, Jr., (5) Deril J. Lees, (6) Robbin G. Lees, (7) the Robbin G. Lees Amended and Restated Revocable Living Trust, (8) the Deril J. Lees Amended and Restated Revocable Living Trust, (9) the KDJ Family Trust for Parents, (10) the Kasey Diane Jackson Grantor Retained Annuity Trust, (11) the Kasey Diane Jackson Family Trust, (12) the Deril James Lees, Jr. Grantor Retained Annuity Trust, (13) the DJL Family Trust for Parents, (14) the Deril James Lees, Jr. Family Trust, (15) the AMS Family Trust for Parents, and (16) the Alyssa Marie Sanders Grantor Retained Annuity Trust. The Lees Parties should be allowed limited intervention because the Sale Motion purports to affect the property and

contract rights of the Lees Parties. Fundamental due process requires that the Lees Parties be allowed to intervene in this case for the limited purpose of asserting any objections which they have to the Sale Motion.

## ARGUMENT

Fed.R.Civ.P. 24 provides an opportunity for a party to intervene in ongoing litigation if the Court finds that the party satisfies the condition necessary to intervene as a matter of right or finds that permissive intervention is proper. Intervention under Rule 24 should be liberally allowed. *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977); *WildEarth Guardians v. United States Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009). The Lees Parties satisfy the requirements for intervention as a matter of right under Rule 24(a)(2). Alternatively, if the Court finds that the Lees Parties are not entitled to intervene as a matter of right, permissive intervention is proper under Rule 24(b)(1)(B).

**A.     Intervention as a Matter of Right**

Fed.R.Civ.P. 24(a)(2) states in part that:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Lees Parties should be allowed to intervene because (1) this application is timely, (2) the Lees Parties claims an interest relating to the property or transaction which is the subject of the Sale Motion, (3) their interest may be impaired or impeded if the Sale Motion is granted, and (4) their interest is not represented by the other parties. *Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

1. Timeliness.

The timeliness of a motion to intervene is determined in light of all of the circumstances, including how long the applicant knew of his interest in the case, prejudice to existing parties, prejudice to applicant, and existence of any unusual circumstances. *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir.1984). The Sale Motion was filed on March 1, 2016, and the Lees Parties received notice of the Motion that day. This motion is being filed ten (10) days after the filing of the Sale Motion, and twenty-eight (28) days prior to the April 8, 2016, deadline to file objections to the Sale Motion. Plaintiff will have twenty-one (21) days or until April 1, 2016, to file its objection, if any, to the intervention sought by the Lees Parties. Thus, existing parties will not suffer any prejudice if the Lees Parties are allowed to file their objections by the previously established deadline. As discussed below, the rights of the Lees Parties should not be adjudicated without an opportunity for them to voice their objections. The Lees Parties would suffer prejudice if they are not allowed to intervene to assert their objections to the Sale Motion. Under these special circumstances, this motion to intervene is timely.

2. The Lees Parties Have an Interest in the Sale Motion.

Fed.R.Civ.P. 24(a) requires the applicant to "claim[] an interest relating to the property or transaction which is the subject of the action." The Tenth Circuit has held that the interest test is a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. *Sanguine,* 736 F.2d at 1420); *see also San Juan County, Utah v. United States*, 503 F.3d 1163, 1189 (10th Cir. 2007) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.") (quoting Fed.R.Civ.P. 24, advisory

4

committee notes (1966 Amendment)).  The interests of the Lees Parties are clearly implicated by the Sale Motion, and they will be prejudiced if not allowed to intervene.

At least two aspects of the Sale Motion will affect the Lees Parties.  First, the Sale Motion purports to sell certain assets which don't belong to the Receivership Estate but which instead belong to LJS Properties, LLC, which is the landlord under two leases which are part of the Sale Motion.  Second, the Sale Motion purports to assign a single clause of two multi-page contracts without also requiring the proposed purchaser to assume all of the corresponding obligations which are still owed to certain of the Lees Parties under those same contracts – chiefly a significant unpaid portion of the purchase price.  While contracts may normally be assigned, a party may not assign a single right under a contract without requiring the purchaser to also assume all of the remaining obligations under the same contract.

The proposed Asset Purchase Agreement which is the subject of the Sale Motion[2] includes as Exhibit B a listing of tangible items of personal property.  Under the terms of the Lease Agreements between the applicable parties, some of these items are not property of the Receivership Estate but are instead property of the landlord LJS Properties, LLC.

The proposed Asset Purchase Agreement also purports to assign the restrictive covenants contained in two Membership Interest Purchase Agreements under which the Lees Parties (and their affiliates) agreed not to compete with the Apothecary Shoppe business for a period of five (5) years.  However, under the proposed Purchase Agreement the prospective purchaser is not assuming any of the obligations under those Membership Interest Purchase Agreements.  The obligations which the proposed purchase is not assuming include two "Seller Notes" which total approximately $7,000,000.00.  The Lees Parties contest the authority of the Receiver to assign any rights under the Membership Interest Purchase Agreements without also

---

[2] Attached as an Exhibit to the Supplement filed March 4, 2016.

requiring the purchaser to assume all obligations which arise out of those some contracts.

The Sale Motion appears to require the Lees Parties to "speak now or forever hold their peace," even though the Lees Parties are not currently parties to this lawsuit. The Tenth Circuit recognizes that the precedential effect of the disposition of an action may constitute a sufficient interest to support mandatory intervention. *See, Natural Res. Def. Council v. U.S. Nuclear Reg. Comm'n,* 578 F.2d 1341, 1344 (10th Cir. 1978) ("A decision in favor of plaintiffs ... could have a profound effect upon [the applicants]. Hence, [the applicant] does have an interest within the meaning of Rule 24(a)(2).").

3. <u>Disposition of the Sale Motion may Impair the Interests of the Lees Parties</u>.

The disposition of the Sale Motion may "as a practical matter impair or impede the movant's ability to protect its interest." Fed.R.Civ.P. 24(a). This practical standard does not require the intervenor to show actual impairment. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001). Rather, the applicant "must show only that impairment of its substantial legal interest is possible if intervention is denied" and "[t]his burden is minimal." *Id.* The Court "may consider any significant legal effect in the applicant's interest and [is] not restricted to a rigid res judicata test." *Natural Res. Def. Council*, 578 F.2d at 1345.

The Sale Motion seeks an injunction from this Court which would bar the Lees Parties from asserting their claim to the assets which don't belong to the Receivership Estate and would also bar the Lees Parties from claiming that the proposed purchaser may not purchase the non-competition provisions of the Membership Interest Purchase Agreements without also assuming the obligations which exist under that some contract. As a result the requested injunction would impair the ability of the Lees Parties to protect those interests as a practical matter.

    4.    <u>The Lees Parties are not Represented by the Existing Parties</u>.

The representation requirement of Rule 24(a) is satisfied if the applicant shows that representation of his interest may be inadequate, and the burden of making that showing should be treated as minimal. *Coalition of Arizona/New Mexico Counties for Stable Growth v. Dept. of Interior,* 100 F.3d 837, 844 (10th Cir. 1996). The applicant need only show that there is a possibility that its interests will diverge from those of the existing parties, *Natural Res. Def. Council*, 578 F.2d at 1346.

No current party to this litigation represents the interests of the Lees Parties. Plaintiff and the Receiver are the proponents of the Sale Motion and have no incentive to protect the rights of the Lees Parties. The Defendants have not answered or entered an appearance. Unless the Lees Parties are allowed to intervene their objections to the Sale Motion will not be advanced by any other party.

**B.**    **Permissive Intervention**

Under Fed.R.Civ.P. 24(b) this Court may grant permissive intervention if the Lees Parties have a claim or defense that shares a common question of law or fact with the issues in the Sale Motion. As outlined above, the Sale Motion purports to affect the property and contract rights of the Lees Parties, and as such the Lees Parties have claims and defenses which share common questions of law and fact with the Sale Motion. Accordingly, in the event the Court finds that the intervention of right requirements of Fed.R.Civ.P. 24(a) have not been met, the Lees Parties respectfully request that this Court exercise its discretion and permit intervention. As outlined above, the original parties will not suffer any delay or prejudice because the Lees Parties propose to follow the Court's existing schedule for resolution of objections to the Sale Motion.

**C.    Request to Extend Fed.R.Civ.P. 24(c) Deadline**.

Under Fed.R.Civ.P. 24(c) a party proposing to intervene is normally required to accompany its motion to intervene with a pleading that sets out the claim or defense for which intervention is sought. However, in this case the Lees Parties seek only limited intervention to assert their objections to the Sale Motion. The Lees Parties are not seeking affirmative relief against Plaintiff, the Receiver, or any of the Defendants. The general basis for these objections is set forth above. However, because this Court has already established April 8, 2016, as the deadline for filing objections, and has further set a hearing on April 19, 2016, at 10:00 a.m. on the Sale Motion and any objections, the Lees Parties respectfully request that they be allowed to follow the existing schedule.

### III.    CONCLUSION

For the foregoing reasons, the Court should grant the Lees Parties the right to intervene in this matter for the sole purpose of asserting their objections to the Sale Motion, and should further extend the deadline by which the Lees Parties may file their pleading asserting such objections until the existing deadline of April 8, 2016.

Respectfully submitted,

 *s/ Charles Greenough*
Charles Greenough, OBA #12311
McAfee & Taft A Professional Corporation
1717 S. Boulder Ave., Suite 900
Tulsa, OK 74119
(918) 587-0000
(918) 574-3105 fax
charles.greenough@mcafeetaft.com

*ATTORNEYS FOR LEES PARTIES*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the same date this document was filed, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants.

The undersigned further states that on March 11, 2016, he caused a true and correct copy of the above referenced pleading to be emailed to the following parties:

>Steven W. Soule
>SSoule@HallEstill.com
>Attorney for Defendants
>
>Wallace Brockhoff
>wbrockhoff@lathropgage.com
>Attorney for ESOP Trustee, 99% equity holder
>
>C. David Rhoades
>cdrhoades@turnaroundpro.com
>Receiver

        *s/ Charles Greenough*
        Charles Greenough